**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BRENT L.,<br><br>Plaintiff,<br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 2:25-cv-00757-CMR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING ALJ DECISION**<br><br>Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 8). 28 U.S.C. § 636(c). Plaintiff Brent L. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful consideration of the record (Certified Administrative Record (Tr.), ECF 11), and the parties' briefs (ECF 12, 19, 20), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 12) and AFFIRMS the decision of the Commissioner.

## I. BACKGROUND

Plaintiff was 39 years old on his disability onset date of April 1, 2019 (Tr. 61). Plaintiff filed his application for benefits on June 15, 2021, alleging disability due to depressed mood, diminished interest in almost all activities, appetite disturbance with change in weight, sleep disturbance, decreased energy, feelings of worthlessness, difficulty concentrating or thinking, restlessness, difficulty concentrating, and muscle tension (*id.*).

The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated June 28, 2024, the ALJ determined at step two that Plaintiff had severe impairments of generalized anxiety disorder, major depressive disorder, posttraumatic stress disorder (PTSD), obsessive compulsive disorder (OCD), attention deficit disorder (ADD), and panic disorder (Tr. 20). The ALJ found that Plaintiff's reflect sympathetic dystrophy syndrome, supraventricular tachycardia, and deep vein thrombosis were non-severe impairments and that Plaintiff's vision problems were a non-medically determinable impairment (*id.*). At step three, the ALJ considered Plaintiff's mental impairments under Listings 12.04, 12.06, 12.11, and 12.15, finding mild limitation in understanding, remembering, or applying information; and moderate limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (*id.* at 20–21).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform a full range of work with the following non-exertional limitations: "the claimant can perform simple and repetitive tasks in a routine work setting performed in a work environment with no assembly-line work or work that requires hourly quotas involving only simple, work-related decisions and occasional workplace changes. The claimant can only occasionally interact with the public, coworkers, and supervisors" (*id.* at 21). Consistent with vocational expert (VE) testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including cleaner II, industrial cleaner, and industrial sweeper (*id.* at 26). The ALJ therefore concluded that he was not disabled and denied disability benefits (*id.* at 28). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has *see*n the hearing up close." *Id.* at 103, 108. Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## III. DISCUSSION

### A. Substantial evidence supports the ALJ's RFC determination.

Plaintiff makes several claims of error regarding the ALJ's RFC determination. First, Plaintiff argues that the ALJ erred in the RFC determination by failing to include additional mental limitations. Second, Plaintiff further argues that the RFC determination did not account for his moderate limitations in concentrating, persisting, and maintaining pace. Finally, Plaintiff argues that the ALJ did not adequately explain why he discounted an opinion from David Lindsay, PMHNP (Nurse Lindsay).

Between steps three and four of the sequential evaluation process, the ALJ assessed Plaintiff's RFC, which is the most Plaintiff can do despite his impairments. 20 C.F.R. §§

404.1520(a)(4), 404.1545(a)(1), 404.1546(c). An ALJ must consider the effects of all of the disability claimant's medically determinable impairments—both severe and non-severe—when assessing the RFC. 20 C.F.R. § 404.1545(a)(2). The RFC need only include limitations that the ALJ found supported by the evidence. 20 C.F.R. §§ 404.1545, 404.1546(c). Plaintiff bore the burden of showing limitations should be included in his RFC assessment. *Howard v. Barnhart*, 379 F.3d 945, 948–49 (10th Cir. 2004). Here, the ALJ's RFC determination limited Plaintiff to simple, routine, repetitive work with infrequent changes, no assembly-line work or hourly quotas, and reduced interpersonal contact (Tr. 21–25). The ALJ made this determination based on the entire record, including mental status exams, course of treatment, and Plaintiff's daily activities (*id.*).

First, Plaintiff argues that the ALJ's RFC determination did not include all his mental limitations. Plaintiff points to his testimony that he isolated and avoided going out and asserts that his mental impairments would impact his ability to attend work and complete a normal workday (Pl. Br. 11). While the ALJ acknowledged that the record showed instances of an irritable, anxious, or depressed mood, the ALJ noted the record contained normal mental exam findings, including findings of a calm and cooperative presentation, intact attention and concentration, and normal memory (Tr. 23–25). In addition, Plaintiff received outpatient mental health treatment consisting of counseling, ketamine and other medication, and transcranial magnetic stimulation (TMS) (*id.* at 22, 24–25). Providers also noted Plaintiff's activities such as bicycling and traveling to Hawaii (*id.* at 22–24). Given this record, the ALJ reasonably accounted for Plaintiff's symptoms in the RFC determination. *See, e.g.*, *Michael P.C. v. Kijakazi*, No. 2:22-cv-00572, 2023 WL 5531701, at *5–7 (D. Utah Aug. 28, 2023) (overall record did not support the degree of limitation alleged); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1171 (10th Cir. 2012) (medication helped reduce the

intensity of the claimant's reported symptoms); *Wilson v. Astrue*, 602 F.3d 1136, 1145–46 (10th Cir. 2010) (ALJ reasonably discounted a claimant's complaints of disability in light of her reported activities).[1]

Second, Plaintiff argues the RFC determination did not account for his moderate limitations in concentrating, persisting, and maintaining pace (Pl. Br. 12). The ALJ's finding that Plaintiff had moderate limitations in the B criteria did not mandate any specific findings within the RFC assessment. Consistent with SSR 96-8p, the Tenth Circuit has repeatedly held that an ALJ is not bound by his B criteria findings when fashioning a claimant's RFC. *See DeFalco-Miller v. Colvin*, 520 F. App'x 741, 748 n.5 (10th Cir. 2013); *see also Vigil v. Colvin*, 805 F.3d 1199, 1203–04 (10th Cir. 2015) (adopting a fact-specific approach to whether an ALJ's RFC determination is acceptable notwithstanding a finding of difficulties in the broad functional area of concentration, persistence, or pace).

Here, the ALJ noted Plaintiff's report that he followed instructions well and could pay attention if it was something that he was interested in (Tr. 24). The ALJ also noted that treatment helped Plaintiff's symptoms and that while exams at times showed distractibility the balance of the record showed largely normal attention and concentration (*id.* at 22–24). The ALJ thus reasonably concluded Plaintiff could concentrate, persist, or maintain pace when he was not asked to deal with complex or varied tasks, frequent changes, a non-routine work setting, or continual interaction with others (*id.* at 21, 24–25). The ALJ's RFC determination is supported by substantial evidence. *See* 20 C.F.R. § 404.1546(c) (the ALJ is responsible for assessing RFC); *Biestek*, 587

---

[1] Plaintiff argues "the time he requires for ongoing treatment" would impact his attendance (Pl. Br. 11). In any event, the court declines to assume that medical appointments would impact Plaintiff's ability work. *See Barnett v. Apfel*, 231 F.3d 687, 691 (10th Cir. 2000) (declining to assume the claimant would miss entire days of work for medical appointments).

U.S. at 102 ("[A]n ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'").

Finally, Plaintiff argues that the ALJ did not adequately explain why he discounted an opinion from Nurse Lindsay (Pl. Br. 13–16). Under the applicable rules, the ALJ does not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion, including those from the claimant's medical sources. 20 C.F.R. § 404.1520c(a); *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023). Instead, the ALJ considers five factors when evaluating the persuasiveness of a medical opinion or prior administrative medical finding: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The ALJ is required to discuss only two factors—supportability and consistency—unless there are differing medical opinions or prior administrative medical findings on an issue that are equally well-supported and consistent with the record. *See id.* § 404.1520c(b)(2); *see also Nielsen v. Comm'r, SSA*, No. 21-4136, 2022 WL 15570650, at *2 (10th Cir. 2022).

Here, Nurse Lindsay completed a form questionnaire in April 2024 indicating that Plaintiff had extreme mental limitations that would preclude all work (Tr. 24). The ALJ found the opinion unpersuasive and addressed its supportability and consistency in making his findings. *See* 20 C.F.R. §§ 404.1520c(b)(2), 404.1546(c). The ALJ explained that Nurse Lindsay provided only a vague citation to records to support his opinion (Tr. 24). *See* 20 C.F.R. § 404.1520c(c)(1) (supportability). To the extent Nurse Lindsay stated that Plaintiff may need inpatient care in the future and reported current suicidal ideation, he did not alter Plaintiff's treatment regimen, and his notes showed that Plaintiff typically denied those symptoms (*id.* at 25). Nurse Lindsay's opinion was also inconsistent with records from other providers showing many normal mental exam findings (and no active suicidal ideation) (*id.*). *See* 20 C.F.R. § 404.1520c(c)(2) (consistency).

Although Plaintiff argues the record could be interpreted differently, there is substantial evidence to support the ALJ's evaluation. *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

The ALJ's RFC determination is also supported by the assessments of state agency psychologists Mark Dilger, M.D. (Dr. Dilger) and Clare McGinness, Ph.D. (Dr. McGinness) (Tr. 25). State agency psychologists are "highly qualified" psychologists who are also "experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). Here, the ALJ found the assessments from Dr. Dilger and Dr. McGinness persuasive because they were supported by their review and citation to the evidence and consistent with the overall record (Tr. 26). However, the ALJ tempered their assessments in Plaintiff's favor by including additional limitations in the RFC finding, including limitations to simple and repetitive tasks and no assembly-line work or hourly quotas (*id.* at 21, 24).

In sum, the ALJ reasonably determined Plaintiff's RFC based on the entire record, including mental status exams, the course of treatment, and Plaintiff's documented activities. Plaintiff's arguments amount to an assertion that the evidence could be interpreted differently, to support additional limitations. But where, as here, substantial evidence supports an ALJ's decision, the court "may not reweigh the evidence or try the issues de novo in order to advance a different view." *Newbold v. Colvin*, 718 F.3d 1257, 1265 (10th Cir. 2013) (quoting *Wall*, 561 F.3d at 1069).

**B. The ALJ reasonably relied on the VE's testimony at step five**

Plaintiff's remaining arguments relate to the vocational expert's (VE) testimony. Specifically, Plaintiff argues that (1) the ALJ's hypothetical did not include all his workplace functional limitations; (2) there is an unresolved conflict between the assessed mental RFC and the reasoning levels for two occupations; (3) these occupations required hourly quotas and

interaction for more than one third of the day based on job data; and (4) there are insufficient job numbers in the national economy.

At step five, the Commissioner bears the burden of providing the claimant has a residual functional capacity to do other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1566(a); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). When determining whether a claimant can perform other work in the national economy, an ALJ may take administrative notice of a number of sources including the Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1566. Additionally, an ALJ may rely on a VE's testimony as a basis for the ALJ's conclusions. 20 C.F.R. § 404.1566. "[B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). The "ALJ must address 'an apparent unresolved conflict between [vocational expert] . . . evidence and the DOT' before relying on the VE's expert testimony." *Johnson v. Comm'r, SSA*, 764 F. App'x 754, 761 (10th Cir. 2019) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)).

Here, during the administrative hearing, the ALJ solicited testimony from a VE (Tr. 54–58). The VE testified that a person with Plaintiff's vocational profile and the limitations provided by the ALJ could not perform Plaintiff's past skilled work as a retail manager but could perform other unskilled work, including the occupations of cleaner, industrial cleaner, and industrial sweeper (*id.* at 55–56). The VE confirmed that her testimony was consistent with the DOT and explained that her testimony about issues not addressed by the DOT (such as hourly quotas) was based on her professional experience (*id.* at 56).

First, Plaintiff contends the ALJ's hypothetical did not include all his workplace functional limitations (Pl. Br. 10–13). However, the record reflects that the ALJ presented the VE with a hypothetical that included all the limitations the ALJ ultimately found supported by the record (Tr. 21–25, 55–56). The VE's testimony was therefore substantial evidence to support the ALJ's decision. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).

Second, Plaintiff argues there is an unresolved conflict between his mental RFC and the reasoning levels for the occupations of cleaner and industrial cleaner (Pl. Br. 5–7, 8–9). Specifically, Plaintiff points to the general educational development (GED) reasoning levels assigned to the occupations by the DOT. The ALJ's reliance on the VE's testimony regarding the GED reasoning level two jobs of cleaner and industrial cleaner was appropriate. Both jobs have a GED reasoning level of two, which involves "[applying] commonsense understanding to carry out detailed but uninvolved written or oral instructions" and [dealing] with problems involving a few concrete variables in or from standardized situations." DOT, App'x C, 1991 WL 688702. This court has held that there is no conflict between the ALJ's finding that Plaintiff could perform simple and repetitive tasks and jobs with a GED reasoning level of two. *See, e.g.*, *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008). This court has also recognized that level two reasoning is consistent with simple, routine, and repetitive tasks of unskilled work. *Heidi H. v. Comm'r of Soc. Sec.*, No. 2:24-cv-00776-CMR, 2025 WL 2280698, at *5 (D. Utah Aug. 8, 2025).[2]

[2] Plaintiff primarily relies on out-of-circuit cases (Pl. Br. 6), but other circuits have likewise held that there is no apparent unresolved conflict between a limitation to simple work and GED reasoning level two. *See, e.g.*, *Galloway v. Kijakazi*, 46 F.4th 686, 690 (8th Cir. 2022); *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021); *Surprise v. Saul*, 968 F.3d 658, 662–63 (7th Cir. 2020); *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019); *Hernandez v. Berryhill*, 707 F. App'x 456, 458 (9th Cir. 2017).

Third, Plaintiff argues conflicts arising from these occupations requiring hourly quotas and verbal communication for more than one third of the day (Pl. Br. 7–10). Plaintiff's argument is based on job data that his counsel compiled from other vocational resources, including the Occupational Information Network (O*NET). Neither Tenth Circuit case law nor agency policy required the ALJ to explore a conflict with vocational sources other than the DOT. *See* Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2 (ALJs will consider apparent unresolved conflicts with the DOT);[3] *see also Anders v. Colvin*, No. 2:14-cv-00610, 2015 WL 5555745, at *11 (D. Utah Sept. 18, 2015), *aff'd, Anders v. Berryhill*, 688 F. App'x 514 (10th Cir. 2017) ("[The Regulations do not recognize the O*Net as one of the DOT's companion sources of administrative notice."). Notwithstanding, the ALJ addressed Plaintiff's contentions and explained that the VE based her testimony about issues such as hourly quotas on her professional experience (Tr. 27–28, 56). Nothing in the DOT descriptions identified by the vocational expert indicates that these occupations require hourly quotas (Tr. 27–28, 55–56). *See* DOT 919.687-014, 1991 WL 687697 (cleaner II); DOT 381.687-018, 1991 WL 673258 (industrial cleaner); DOT 389.683-010, 1991 WL 673279 (industrial sweeper).

The ALJ also addressed Plaintiff's contention that "janitors and cleaners are required to have verbal communications more than one third of the day" (Tr. 27). The ALJ pointed out that the cited printout indicated only that "verbal interactions were required once per day or less often . . . for 33.6 percent of janitors and cleaners" (*id.*). The ALJ correctly noted that this did not support Plaintiff's contention that the unskilled cleaner, industrial cleaner, and industrial sweeper positions required interaction for more than one third of the day (Tr. 27). Rather, unskilled work typically

[3] The agency recently issued a new Social Security Ruling (SSR) that rescinds and replaces SSR 00-4p and applies to determinations or decisions dated on or after January 6, 2025. SSR 24-3p, 89 Fed. Reg. 97,158, 2024 WL 4988840. Because the ALJ decision at issue here predates the effective date, the new SSR does not apply.

involves working with things rather than people. 20 C.F.R. § 404.1568; 20 C.F.R. pt. 404, subpt. P, app. 2 § 202.00(g).

Finally, Plaintiff's argument about the number of industrial cleaner and industrial sweeper jobs in the national economy lacks merit (Pl. Br. 9–10). While Plaintiff contends that the VE's testimony was "vague" (*id.* at 9), nothing prevented Plaintiff from cross examining the VE "to probe the strength of the expert's testimony." *Biestek*, 587 U.S. at 98; *see also Gay v. Sullivan,* 986 F.2d 1336, 1340 n.2 (10th Cir. 1993). The VE's testimony contained other indicia of reliability, including her unquestioned qualifications and experience and her identification of jobs that are common and easily recognized by lay people (Tr. 27, 54–56). Moreover, the ALJ stated that even using Plaintiff's numbers, he would find a significant number of jobs (*id.* at 27). The job numbers for the cleaner, industrial cleaner, and industrial sweeper occupations, which are commonly found in the national economy, are well within the range that courts have affirmed (*id.* at 26–27; Pl. Br. 10 n.4). *See, e.g.*, *Garcia v. Comm'r, SSA*, 817 F. App'x 640, 649 (10th Cir. 2020) (affirming an ALJ's step five finding based on a total of 20,500 to 22,000 jobs nationally); *Lynn v. Colvin*, 637 F. App'x 495, 499 (10th Cir. 2016) (affirming an ALJ's step five finding based on a total of 24,900 jobs nationally).

For these reasons, the court finds that there is no reversible error with respect to the ALJ's step five findings, and these findings are supported by substantial evidence.

## IV. CONCLUSION AND ORDER

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 24 September 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah